**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-1258**

———————————

LEJUANA ALICE MORGAN,

                Plaintiff – Appellant,

        v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,

                Defendant - Appellee.

———————————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Samuel G. Wilson, District
Judge.   (7:13-cv-00137-SGW-RSB)

———————————

Submitted:  October 31, 2014        Decided:  November 6, 2014

———————————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas E. Strelka, STRICKLAND, DIVINEY & STRELKA, Roanoke,
Virginia, for Appellant.   Michael J. Finney, James J. O'Keeffe,
GENTRY LOCKE RAKES & MOORE LLP, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lejuana Morgan appeals from a district court order granting summary judgment against her in a civil action for employment discrimination and retaliation brought pursuant to 42 U.S.C. § 12101 (2012). Morgan also challenges the district court's denial of her motion for leave to amend her complaint in order to add a claim for failure to accommodate her disability.

We review the district court's order granting summary judgment de novo. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). In doing so, we construe the facts in the light most favorable to Morgan and give her the benefit of all reasonable inferences. See Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth., 745 F.3d 703, 716 (4th Cir. 2014). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

2

Because Morgan presented no direct evidence of discrimination or retaliation, we analyze her claim under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 248 (4th Cir. 2006) (discrimination); Hooven-Lewis v. Caldera, 249 F.3d 259, 271-74 (4th Cir. 2001) (retaliation). The sole issue on appeal relating to summary judgment is whether Morgan demonstrated that Wells Fargo's proffered reasons for her termination were pretextual. A plaintiff can prove pretext by showing that the defendant's "explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of . . . discrimination [or retaliation]." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (internal quotation marks omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

Morgan failed to establish that Wells Fargo's legitimate, non-retaliatory reasons for terminating her employment were pretext for discrimination or retaliation. The record reveals that Morgan violated Wells Fargo's clearly articulated attendance policy. Although Morgan's termination

3

occurred shortly after she informed Wells Fargo that she suffered from alcoholism, the record indicates that Wells Fargo decided to terminate her employment before she revealed her alcoholism. Moreover, temporal proximity alone is not sufficient to establish that her alcoholism was a "but for" cause of her termination. Dugan v. Albemarle Cnty. Sch. Bd., 293 F.3d 716, 722 (4th Cir. 2002). We thus affirm the district court's grant of summary judgment.

Morgan next contends that the district court erred in denying her motion for leave to amend the complaint in order to add an additional claim for failure to accommodate. We review the district court's denial of a motion for leave to amend a pleading for abuse of discretion. Public Employees' Ret. Ass'n v. Deloitte & Touche, LLP, 551 F.3d 305, 313 n.3 (4th Cir. 2009). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).

We use the same burden-shifting framework as in Morgan's discrimination and retaliation claims to analyze her proposed claim for failure to accommodate under the ADA. See Hooven-Lewis, 249 F.3d at 267-71 (4th Cir. 2001). Just as Morgan's discrimination and retaliation claims fail for lack of

4

pretext, so too would her failure to accommodate claim. We therefore find that the district court did not abuse its discretion in refusing to grant Morgan leave to amend her complaint to add a claim for failure to accommodate because such a claim would have been futile.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED